# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS



Gerald Mann

Honorable Thomas A. Wheat
County Attorney
Liberty County
Liberty, Texas

Opinion No. 0-1181
Re: May the commissioners' court
properly allow a deputy sheriff on
a salary basis mileage of four
cents (4¢) per mile for distance
traveled in the discharge of offi-
cial business, the traveling being
done in his own automobile?

Dear Sir:

We are in receipt of your opinion request, bearing
date of October 30, 1939, wherein you outline the following
facts and propound the above set out question:

Liberty County is a county which operates under the
salary system of paying its officers. The sheriff of said
county is allowed to employ certain deputies who are paid
salaries. The county furnishes the sheriff two automobiles
in his department to be used in the discharge of his official
duties. Some of the deputies own their own automobiles and
have made a claim for mileage at the rate of four cents per
mile to the Commissioners' Court in accordance with the statute,
and such applications for mileage have been refused. The Com-
missioners' Court takes the position that they do not have the
authority to pay such four cents per mile to the deputies for
the use of their personal automobiles. It is the applicant's
opinion that in accordance with the fourth paragraph of Section
b of Article 3899, of the Revised Civil Statutes, as amended by
the Acts of 1935, 44th Legislature, and the Acts of 1937, 45th
Legislature, that where the deputies use their personal auto-
mobiles in the discharge of official business, the Commissioners'
Court has the authority and power to allow the deputy or deputies
four cents per mile for every mile they traveled in their auto-
mobiles in the discharge of official business, upon their making
the proper application and showing to the County Commissioners'
Court and the County Auditor, and that said deputies are
rightfully entitled to same, in accordance with the first para-
graph of Section b of Article 3899.

Section b of Article 3899, Vernon's Annotated Civil
Statutes, as amended, reads in part as follows:

"The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of such officer, stating the necessity therefor, allow one or more automobiles to be used by the Sheriff in the discharge of official business, which, if purchased by the county shall be bought in the manner prescribed by law for the purchase of supplies and paid for out of the General Fund of the county and they shall be reported and paid in the same manner as herein provided for other expenses.

"Where the automobile or automobiles are owned by the Sheriff or his Deputies, they shall be allowed four (4¢) cents for each mile traveled in the discharge of official business, which sum shall cover all expenses of the maintenance, depreciation and operation of such automobile. Such mileage shall be reported and paid in the same manner prescribed for other allowable expenses under the provisions of this section. No automobile shall be allowed for any Deputy Sheriff except those regularly employed in outside work. It shall be the duty of the County Auditor, if any, otherwise the Commissioners' Court, to check the speedometer reading of each of said automobiles, owned by the county once each month and to keep a public record thereof; no automobile owned by the county shall be used for any private purpose."

In the light of that portion of Section b of Article 3899, Vernon's Annotated Civil Statutes, which provides:

". . . The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of such officer, stating the necessity therefor, allow one or more automobiles to be used by the Sheriff in the discharge of official business, . . ."

It is the opinion of this Department and you may be so advised that the statute vests with the Commissioners' Court the right and duty, in acting upon the written and sworn application of the Sheriff, to exercise its administrative prerogative as to the necessity of such expenditure, and such body may or may not allow, in purchance of its delegated duties, one or more automobiles to be used by the Sheriff in the discharge of his official duties.

It accordingly follows, that the matter inquired about in your opinion request is a matter which lies entirely within the discretion of your Commissioners' Court. In the event that a written and sworn application of the officer has been made stating the necessity for such expenditures and the various provisions of Article 3899, above referred to, have otherwise been fully complied with, then and in that event the duty to determine the necessity for such expenditure lies wholly within the administrative discretion of the Commissioners' Court and is not a matter which could properly be decided by this office.

Trusting that the above will satisfactorily answer your question, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Edgar Cale

Edgar Cale, Assistant

EC:AMM:wb

APPROVED DEC 4, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
By       BWB   Chairman